Karine HOVHANNISYAN;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71892.

Agency Nos. A95–137–691, A95–139–148, A95–139–495.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan Aghabegian, Law Offices of Alan Aghabegian, Glendale, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Alan G. Burrow, Office of the U.S. Attorney, Boise, ID, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM**

Karine Hovhannisyan and her two minor children, Jora and Ani Papoyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an immigration judge's denial of their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Sagaydak v. Gonzales*, 405 F.3d 1035, 1041–42 (9th Cir.2005), and we deny in part and grant in part the petition for review.

■ Substantial evidence supports the BIA's determination that Hovhannisyan failed to establish that members of the Armenian government persecuted her on account of her political opinion because the record is inconclusive as to what her political beliefs were, and whether her abusers were aware of them. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir.2000) (in order to establish a claim based on political opin-

ion an applicant must show that he held a political opinion and that he was persecuted because of that opinion). Moreover, the record does not compel the conclusion that Hovhannisyan's abusers knew of her husband's political beliefs, imputed his political beliefs to her, or harmed her because of those beliefs. *See id.* at 659; *Sangha v. INS*, 103 F.3d 1482, 1489–90 (9th Cir.1997).

■ The BIA further stated that, although Hovhannisyan's claim was credible, "persecution based on family membership does not qualify as persecution on account of membership in a particular social group." In light of our recent decision to the contrary, *Thomas v. Gonzales*, 409 F.3d 1177, 1187–88 (9th Cir.2005) (en banc), we remand to the BIA to reconsider Hovhannisyan's claims for asylum and withholding of removal to the extent she bases those claims on membership in a particular social group. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We do not consider the merits of her claim for protection under the Convention Against Torture because she failed to raise it in her opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

Hovhannisyan's further contentions lack merit.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.